13794.  ULMAN, MAGILL & JORDAN WOOLEN CO. INC. *v.* MAGILL.

" The statute law of Missouri, providing that where a married woman signs a promissory note as surety for her husband she is liable for the amount of the note, will not be enforced in this State in a case where such married woman, living in Missouri, signs in Missouri a promissory note as surety for her husband, the contract to be performed in Missouri, and while she is still domiciled in Missouri she is sued by attachment in Georgia, and the attachment is executed by seizing property of hers located in Georgia."

DECIDED JUNE 12, 1923.

Attachment; from Floyd superior court — Judge Wright. June 8, 1922.

*Charles Fensky, F. W. Copeland,* for plaintiff.

*Maddox & Doyal,* for defendant.

BROYLES, C. J.  This court certified to the Supreme Court the following question involved in this case: " Will the statute law of Missouri, providing that where a married woman signs a promissory note as surety for her husband she is liable for the amount of the note, be enforced in this State in a case where a married woman living in Missouri signs in Missouri a promissory note as surety for her husband, the contract to be performed in Missouri, and while she is still domiciled in Missouri she is sued by attachment in Georgia, and the attachment is executed by seizing property of hers located in Georgia."  The Supreme Court answered this question in the negative, and the headnote of this decision is the headnote of that decision.  For the full opinion of the Supreme Court see *Ulman, Magill & Jordan Woolen Co.* v. *Magill,* 155 *Ga.* 555 (117 S. E. 657).

Under the ruling of the Supreme Court and the facts of the instant case, the trial judge, who by consent was sitting without the intervention of a jury, did not err in finding in favor of the defendant, or in thereafter overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*